605 So.2d 231 (1992)
STATE of Louisiana, Appellee,
v.
Keith COLEMAN, Appellant.
No. 24135-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
*232 Wilson Rambo, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Peggy J. Sullivan, Asst. Dist. Atty., Monroe, for appellee.
Before HIGHTOWER, VICTORY and STEWART, JJ.
PER CURIAM.
After pleading guilty as charged to armed robbery, LSA-R.S. 14:64, Keith Coleman appeals his 25-year sentence as excessive. We affirm.

FACTS
On January 1, 1991, while armed with a handgun, defendant entered a convenience store and demanded money from the clerk. After obtaining $198 in cash, the robber fled the premises. Recognizing the perpetrator as a regular customer, the employee later aided in Coleman's arrest by identifying the accused in a photographic lineup. Pursuant to an agreement with the state, on December 10, 1991, defendant pled guilty to armed robbery with a stipulated sentence range of fifteen to twenty-five years at hard labor. In exchange, the state additionally agreed not to file an habitual offender bill.
Coleman appeared for sentencing on January 31, 1992, in accordance with ordered delays. The trial court then explained that, under the new Louisiana Felony Sentencing Guidelines, La.S.G. §§ 401-403, defendant should be imprisoned for at least 27 ½, but no more than 30 years. However, in accordance with the plea agreement, the judge deviated from the recommended imprisonment terms and imposed a sentence of 25 years at hard labor without benefit of parole, probation, or suspension of sentence. Thereafter, on February 14, 1992, defendant filed, and the trial court denied, a motion to reconsider sentence pursuant to LSA-C.Cr.P. Art. 881.1.

DISCUSSION
The Louisiana Felony Sentencing Guidelines, effective January 1, 1992 (See Louisiana Register 17:12), are applicable to all sentences that are pronounced on or after January 1, 1992. The defendant pled guilty before January 1, 1992, but was sentenced on January 31, 1992. Thus, the guidelines are applicable to his sentence. Although LSA-C.Cr.P. Art. 881.2, passed by the Legislature in 1991 to help implement the guidelines (effective 30 days after the effective date of the guidelines) states that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea, we nonetheless review his sentence because Article 881.2 was not in effect when his plea was made. See State v. Vail, 571 So.2d 710 (La.App.2d Cir.1990).
LSA-C.Cr.P. Art. 894.1, effective January 31, 1992, now merely requires the sentencing judge to state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis in imposing sentence. La. S.G. § 201C states that if the sentence imposed falls within the range of the appropriate cell of the guidelines grid, the sentence is appropriate for purposes of the guidelines and the sentencing court is not required to set forth additional factors justifying the selection of the particular sentence.
Here, the trial judge stated on the record that defendant's conviction, armed robbery, and his prior criminal history put him within the designated sentence range of 330 to 360 months, or grid cell 1A. Defendant has not challenged this finding on appeal. The sentence imposed, 25 years without probation, parole, or suspension of sentence, the maximum under the plea agreement, is only 300 months, well below the minimum recommended sentence under the guidelines. The judge explained all of this on the record. No other justification for his sentence was required under LSA-C.Cr.P. Art. 894.1, or La.S.G. § 201C.
Whether the incarceration term is too severe, given the circumstances of the case and the background of the defendant, constitutes the second inquiry with regard *233 to excessiveness of sentence. For a discussion of the parameters applied in that determination, see LSA-Const. Art. 1, § 20; State v. Barberousse, 480 So.2d 273 (La. 1985); State v. Square, 433 So.2d 104 (La. 1983); State v. Bonanno, 384 So.2d 355 (La.1980). In the present case, we do not find the sentence to be an unnecessary infliction of pain and suffering.
Turning to another aspect, the record reveals that defendant did not receive credit, pursuant to LSA-C.Cr.P. Art. 880, for time he served in prison following arrest on January 5, 1991. Thus, his sentence requires amendment to so attribute that period, one year and twenty-six days, elapsing prior to the date of sentencing.
Accordingly, with that amendment, the conviction and sentence are affirmed.
AFFIRMED AS AMENDED.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
When a defendant agrees, in accordance with a plea agreement, to a sentence range and is then ordered incarcerated within that limit, he cannot complain of excessiveness. See my concurrence in State v. Vail, 571 So.2d 710 (La.App.2d Cir.1990), and authorities therein. Moreover, LSA-C.Cr.P. Art. 881.2(A)(2) (effective thirty days after the effective date of the sentencing guidelines as per Acts 1991, No. 38 § 3) now expressly precludes our review of sentences imposed in conformity with plea agreements.
In the present case, the trial court actually imposed sentence (in conformity with a plea agreement) on January 31, 1992, after Article 881.2 had been energized.
I respectfully concur in the affirmance.