BROWN, Judge.
Defendant, Lavell Daniels, was charged by indictment with two counts of distribution of cocaine. LSA-R.S. 40:967(A). On November 26, 1991, Daniels pled guilty to one count of distribution of cocaine in exchange for dismissal of the other count. Daniels was sentenced on March 17, 1992, to six (6) years at hard labor. Daniels brings this appeal claiming: (1) the trial court failed to consider the mitigating factors of LSA-C.Cr.P. Art. 894.1; and (2) the term of imprisonment is constitutionally excessive. For the following reasons, we affirm.
FACTS
On June 13, 1990, an undercover agent working for the Franklin Parish Sheriff’s Department in Wisner, Louisiana, talked with defendant who showed and offered to sell the agent one rock of cocaine for $25. Later that same day, the agent went to defendant’s apartment and asked to see the cocaine. Defendant walked into his bedroom and obtained the rock from his dresser. Defendant sold the rock of cocaine to the agent for $25. On June 14, 1990, the same agent asked defendant if he had anymore “good twenty fives.” Defendant showed the agent a clear package containing six rocks. The agent purchased one for $25. On August 15, 1990, defendant was arrested by the Franklin Parish Sheriff’s Office and charged with two counts of distribution of cocaine.
DISCUSSION
The Louisiana Felony Sentencing Guidelines, effective January 1, 1992, are applicable to all sentences that are pronounced on or after January 1, 1992. State v. Coleman, 605 So.2d 231, 232 (La. App. 2d Cir.1992). LSA-C.Cr.P. Art. 881.1 reads in part as follows:
Art. 881.1 Motion to reconsider sentence
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based....
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from *1049 raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Daniels was sentenced on March 17, 1992, after the effective date of LSA-C.Cr.P. Art. 881.1. Under Art. 881.1 the failure to make a motion for reconsideration of sentence within thirty days following the imposition of the sentence or within such longer period as the trial court may set, precludes a defendant from raising an objection to the sentence on appeal.
In the instant case, the errors assigned are that the trial judge failed to comply with LSA-C.Cr.P. Art. 894.1 and that the sentence is excessive. For this court to review these errors they should have first been raised in a motion to reconsider the sentence. Defendant, however, did not file a motion to reconsider the sentence. Accordingly, the assigned errors are not properly before this court for review and are not considered. State v. Bush, 604 So.2d 1383 (La.App. 2d Cir.1992) (affirming defendant’s conviction and eight (8) year sentence for distribution of cocaine, and rejecting defendant’s appeal because of defendant’s failure to comply with LSA-C.Cr.P. Art. 881.1).
At the time of sentencing the court must inform a defendant of the prescriptive period for applying for post-conviction relief. LSA-C.Cr.P. Art. 930.8(C). Although the failure to comply with Art. 930.-8(C) is not grounds for reversal or remand of Daniels’ sentence, the notice required by that article must be satisfied. Therefore, the district court is directed to inform Daniels of the article’s provisions. The district court is directed to send appropriate written notice to defendant within ten (10) days of rendition of this opinion and to file written proof that Daniels received the notice in the record of the proceedings.
DECREE
Noting no error patent on the record, defendant’s sentence to six years at hard labor is AFFIRMED.