626 So.2d 824 (1993)
STATE of Louisiana, Appellee,
v.
Lee Arthur WILSON, Jr., Appellant.
No. 25,424-KA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1993.
*825 Steven A. Hansen, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Marcus Clark, Asst. Dist. Atty., Monroe, for appellee.
Before HIGHTOWER, VICTORY and STEWART, JJ.
PER CURIAM.
Lee Arthur Wilson, Jr., after pleading guilty to simple possession of the cocaine, LSA-R.S. 40:967(C)(2), appeals his three year hard labor sentence as constitutionally excessive and violative of the Louisiana Sentencing Guidelines. We affirm.

FACTS
From a confidential informant on September 22, 1992, the Metro Narcotics Division of the Monroe Police Department learned that Wilson, then sitting in his car in the parking lot of a local motel, possessed several packages of cocaine. The assigned officers responded and, after obtaining consent to search the vehicle, discovered a black pouch containing ten small red ziplock baggies, each enclosing a rock of crack cocaine. Additionally, the police found $691 in cash and a loaded 9mm semi-automatic pistol.
Charged with possession of cocaine with intent to distribute, LSA-R.S. 40:967(A)(1), defendant pled guilty to the lesser charge of simple possession of that controlled substance. Thereafter, upon carefully considering the Louisiana Felony Sentencing Guidelines, the district court determined that Wilson fell within grid cell classification 5-F, which recommends 90 to 135 intermediate sanction units in lieu of 18 to 30 months of suspended incarceration. However, concluding that the matter at hand did not represent a "typical case," the trial judge departed upward from the advisory range by sentencing the offender to three years at hard labor.

DISCUSSION
On appeal, defendant contends the lower court erred in both imposing a constitutionally excessive sentence and failing to comply with the Louisiana Felony Sentencing Guidelines. Having timely filed a motion for reconsideration under LSA-C.Cr.P. Art. 881.1, he is entitled to appellate review of the sentence imposed. LSA-C.Cr.P. Art. 881.2(A); State v. Tracey, 612 So.2d 984 (La.App. 2d Cir.1993).
Of course, the sentencing guidelines are advisory, not mandatory. LSA-R.S. 15:326; La.S.G. § 103(J). A sentence shall not be declared unlawful or excessive solely because the court does not conform to the designated range in the guidelines grid. LSA-R.S. 15:328; LSA-C.Cr.P. Art. 894.1; La.S.G. § 103(J). Moreover, upward departures should be made when one or more aggravating circumstances significantly differentiate the particular affair from a "typical" case. La.S.G. § 209(A)(3); State v. Strother, 606 So.2d 891 (La.App. 2d Cir.1992), writ denied, 612 So.2d 55 (La.1993).
In that regard, the guidelines enumerate those aggravating circumstances which set apart the more serious offense from a typical conviction. In sentencing the defendant, the court must state for the record the considerations taken into account, including any aggravating and mitigating circumstances present, and the underlying factual basis for the penalty imposed. LSA-C.Cr.P. Art. 894.1(C); State v. Tracey, supra. However, after contemplating the guidelines and assigning grounds for departing from the recommended sentence, the court is free to use its reasoned discretion in meting out punishment. State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993); State v. Strother, supra. See also concurrence in State v. McCray, 621 So.2d 94 (La.App. 2d Cir.1993). Said differently, if a departure is justified, the judge may pronounce a sentence commensurate to *826 the circumstances without consideration of proportionality to the guidelines. La.S.G. § 209(A)(4)(a); State v. Lowry, supra.
The present record discloses commendable adherence to appropriate procedures. Initially, the district judge reviewed the presentence investigation report while considering the guidelines, including the recommended sentence range and suggestion of probation therein. In his determination, this case presented aggravating circumstances warranting an upward departure. At the time of sentencing, the court clearly set forth the enhancing circumstances and their factual bases, specifically mentioning the individual packaging of the drug, the large amount of cash found in defendant's possession, and the presence of the loaded handgun.
It is obvious from the record that the district court had ample grounds for an upward departure from the guidelines. See State v. Lowery, supra. Defendant's situation plainly presents an "atypical" simple possession of cocaine case.
Having found the court properly deviated from the guidelines, we must now evaluate the sentence for excessiveness. Whether the term of imprisonment is too severe depends upon the circumstances of the case and the background of the defendant. State v. Coleman, 605 So.2d 231 (La. App. 2d Cir.1992). For further discussion of the parameters applied in that determination, see LSA-Const. Art. 1, § 20; State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980). In the present case, the punishment imposed is adequately supported by the record. Defendant received a sentence two years below the statutory maximum provided by LSA-R.S. 40:967(C)(2). In light of the seriousness of the offense and Wilson's conduct, the penalty does not constitute an unnecessary infliction of pain and suffering.

CONCLUSION
For the foregoing reasons, finding the assessed term of incarceration neither constitutionally excessive nor in contravention of the Louisiana Felony Sentencing Guidelines, we affirm defendant's conviction and sentence.
AFFIRMED.