631 So.2d 80 (1994)
STATE of Louisiana, Appellee,
v.
Robert ANDERSON, Appellant.
No. 25629-KA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
*81 Geary S. Aycock, West Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Marcus R. Clark, Asst. Dist. Atty., Monroe, for appellee.
Before HIGHTOWER, STEWART and WILLIAMS, JJ.
HIGHTOWER, Judge.
Robert Dale Anderson, who pled guilty to conspiracy to distribute marijuana, LSA-R.S. 40:966(A)(1) and 40:979, appeals his sentence *82 assessing six years at hard labor and a $3000 fine, with an additional year in default of payment, as constitutionally excessive and violative of the Louisiana Felony Sentencing Guidelines. We affirm.

FACTS
On December 5, 1992, Trooper Jackie Coleman executed a routine stop of a vehicle driven by Anderson. Based on the suspicious actions of defendant and his passenger, and other circumstances, the officer requested consent to search the automobile. When the driver refused, Coleman called for a narcotics dog which quickly alerted toward the trunk of the car. An inspection then yielded 66.4 pounds of marijuana and led to the arrest of both occupants. Further investigation revealed that, for remuneration, defendant had been transporting the contraband from Texas to Iowa.
Accused by bill of information with possession of marijuana with intent to distribute, LSA-R.S. 40:966(A)(1), as well as conspiracy to distribute that substance, defendant pled guilty to the latter offense in return for dismissal of the other charge. Based upon a careful review of the presentence investigation report (PSI) and the Louisiana Felony Sentencing Guidelines (FSG), Anderson fell within grid classification 5-F which recommends two and one-half years as the maximum term of any period of incarceration. Nevertheless, concluding that the matter did not represent a "typical case," the trial judge departed upward from the advisory range and imposed the previously described six-year sentence.

DISCUSSION

Excessive Sentence
On appeal, defendant asserts three assignments of error concerning departure from the guidelines:
1. The trial court erred in deviating upward from the recommended discretionary incarceration;
2. The trial court erred in using the defendant's two prior simple possession of marijuana convictions as an aggravating circumstance; and
3. The trial court erred in finding that the 66 pounds of marijuana created an aggravating circumstance.
The FSG are mandatory, but only in the sense that the trial court must consider the guidelines and articulate the reasons for any departure by specifying the mitigating or aggravating circumstances, and the factual bases therefor. LSA-C.Cr.P. Art. 894.1; State v. Smith, 629 So.2d 333 (La. 1993). This does not contravene, however, the legislative caveat that a sentence shall not be declared unlawful or excessive solely because the court fails to conform with the guidelines. LSA-R.S. 15:328(B); LSA-C.Cr.P. Arts. 881.6, 894.1(A); La.S.G. § 103(J); State v. Smith, supra. See also 1993 La.House Concurrent Resolution No. 269. Moreover, upward departures should be made when one or more aggravating circumstances significantly differentiate the particular situation from a "typical" case. La.S.G. § 209(A)(3); State v. Wilson, 626 So.2d 824 (La.App. 2d Cir.1993); State v. Strother, 606 So.2d 891 (La.App. 2d Cir. 1992), writ denied, 612 So.2d 55 (La.1993).
After contemplating the guidelines and assigning grounds for departing from the recommended sentence, the trial court is free to use its reasoned discretion in deviating, "even grossly," to mete out punishment. State v. Smith, supra; State v. Wilson, supra; State v. Lowery, 609 So.2d 1125 (La. App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). See also Concurrent Resolution, supra. Put otherwise, if departure is justified, the judge may pronounce a sentence commensurate to the circumstances without considering proportionality to the FSG. La. S.G. § 209(A)(4)(a); State v. Wilson, supra; State v. Lowery, supra. See also State v. Butler, 618 So.2d 572 (La.App. 2d Cir.1993).
In deference to the sentencing judge's wide discretion, a reviewing court should look not only to the guidelines but also to the factual findings upon which the punishment is based. State v. Smith, supra. Although listing aggravating and mitigating circumstances, the FSG specifically avoid mandating the weight to be applied to each such factor. La.S.G. § 209(B) and (C). Furthermore, *83 the omnibus components, La.S.G. § 209(B)(19) and (C)(18), provide even greater discretion for deviation when an atypical case presents considerations beyond one of the factors otherwise enumerated. State v. Smith, supra.
At the sentencing hearing in the present case, the district judge determined that the large amount of marijuana involved, defendant's prior misdemeanor drug convictions, and his extensive efforts to introduce this substantial quantity of contraband into "some community," constituted aggravating circumstances. Later, in denying a motion for reconsideration, the court re-emphasized the total weight and noted that Anderson admitted possessing and transporting the illegal substance. His limited education, nonviolent behavior, cooperation with police, and honorable military discharge had been considered as mitigating factors.
It is quite clear that appellant's prior misdemeanor convictions, already utilized in calculating the grid scale score, could not properly be deemed an aggravating factor under the guidelines. State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993); State v. Lowery, supra. See also La.S.G. § 209(B)(12). However, the other exacerbating circumstances more than adequately justified an upward departure in the sentence. See State v. Norrell, supra; State v. Lowery, supra.
Defendant's actual possession and transportation of more than 66 pounds of marijuana, for the purpose of introducing that substance into a distant community, are factors clearly within that wide discretionary sphere afforded the district court for considering "[a]ny other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction." La.S.G. § 209(B)(19). Contrary to appellant's contentions, the weight or amount of the illegal drug is not an essential element of the present offense. Furthermore, as we observed in Lowery, supra, the guidelines do not envision the interstate conveyance of significant quantities of controlled dangerous substances as comprising the typical case. See also State v. Lobato, 603 So.2d 739 (La. 1992), recognizing the seriousness of transporting 15 to 25 pounds of marijuana across state lines. Nor do we find irrelevant the trial judge's allusion to Anderson's greater involvement in the crime than his co-defendant. See La.S.G. § 209(B)(13). Thus, the present situation plainly presented an "atypical" case of conspiracy to distribute marijuana.
We next evaluate appellant's final assignment, constitutional excessiveness. Whether the term of imprisonment is too severe depends upon the circumstances of the case and the background of the defendant. State v. Coleman, 605 So.2d 231 (La. App. 2d Cir.1992). For a discussion of the parameters applied in that determination, see LSA-Const. Art. 1, § 20; State v. Lobato, supra; State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980).
Anderson received a prison term less than half, and a fine less than an eighth, of the statutory maxima provided by LSA-R.S. 40:966(B)(2) and 40:979(A). In light of the seriousness of the offense, the substantial quantity of marijuana involved, and the fact that the offender's plea averted a potential five-year mandatory minimum period of incarceration on the other charge, the penalty cannot be said to inflict pain and suffering unnecessarily. Plainly, this sentence is not constitutionally excessive.

Default Time
In both his motion to reconsider and his appeal, defendant claims that he is unable to pay the fine and, therefore, will be required to serve the year of default time. Even so, this contention arises only as a collateral argument to the excessiveness contention, and not as an assignment of error.
An indigent may not be incarcerated due to his inability to pay a fine. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991). Where an appellate court can determine indigency from the record, such a penalty may be treated as error. State v. Washington, 605 So.2d 720 (La.App. 2d Cir.1992), writ denied, 610 So.2d 817 (La. *84 1993). However, the impoverished status must be clearly reflected. State v. Lukefahr, 363 So.2d 661 (La.1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979); State v. King, 446 So.2d 561 (La.App. 3d Cir.1984). See also State v. Boynton, 537 So.2d 821 (La.App. 5th Cir.1989).
Here, the record is ambiguous regarding Anderson's indigency. Although an appointed attorney appeared at a hearing on January 6, 1993, retained counsel enrolled less than a month later and thereafter represented defendant throughout the lower court proceedings and on appeal. Information within the PSI does not clearly show that appellant cannot pay the imposed fine. Hence, this aspect of the sentence does not constitute error. Of course, the issue may again be asserted by means of an appropriate motion and hearing. See State v. Lukefahr, supra, and authorities therein.

Credit for Time Served
Upon review, we note that defendant did not post bond following his arrest on December 5, 1992, yet the record fails to show credit accorded for any time so served. The sentencing judge is required to thus ascribe such periods in actual custody, LSA-C.Cr.P. Art. 880, and failure to do so is error patent, State v. Coleman, supra; State v. Hughes, 587 So.2d 31 (La.App. 2d Cir.1991), writ denied, 590 So.2d 1197 (La.1992); State v. Allen, 571 So.2d 758 (La.App. 2d Cir.1990). Accordingly, the sentence shall now be amended in that respect.

CONCLUSION
For the foregoing reasons, and with the amendment indicated, we affirm the conviction and sentence.
AFFIRMED AS AMENDED.