VICTORY, Judge.
Defendant, Joel Heredia, charged with possession of marijuana with intent to distribute and conspiracy to distribute marijuana in violation of LSA-R.S. 40:966 and 40:979, pled guilty on March 9, 1993, to the conspiracy charge in return for the state’s agreement to dismiss the distribution charge. The charges stemmed from an incident on December 8, 1992, when the truck Heredia was driving was stopped for a speeding violation on Interstate Highway 20 in Ouachita Parish, Louisiana, and 67 packages of compacted marijuana totaling 219 pounds were discovered in a false floor constructed in the bed of the truck. After considering a pre-sentence investigation report and the Louisiana Felony Sentencing Guidelines, the trial court imposed a seven-year hard labor term of incarceration and a fine of $1,000. An additional four months or 200 hours of community service was assessed in default of payment of the fine. Challenging his sentence as excessive and violative of the Louisiana Felony Sentencing Guidelines, defendant appeals. We amend and affirm.
In the motion for reconsideration of sentence and on appeal, defendant complains that the trial court: (1) failed to adequately articulate reasons for the sentence imposed, (2) failed to comply with the suggested sentence range of the guidelines, (3) imposed an excessive and disproportionate sentence, (4) failed to adequately consider mitigating factors, (5) placed undue weight on those factors it considered as aggravating circumstances, (6) failed to consider the undue hardship that the sentence will impose upon defendant and/or his dependents, (7) failed to adequately consider an alternative and/or significantly less harsh sentence, including, but not limited to probation, (8) failed to state for the record adequate reasons for an upward departure from the designated sentencing range within the felony sentencing guidelines, and (9) erred in basing the upward departure from the suggested sentencing guideline range upon the amount of marijuana seized. Having timely filed a motion for reconsideration under LSA-C.Cr.P. Art. 881.1, defendant is entitled to appellate re *70 view of the sentence imposed. LSA-C.Cr.P. Art. 881.2(A); and State v. Tracey, 612 So.2d 984 (La.App. 2d Cir.1993).
The Guidelines are mandatory in the sense that the trial court must consider them and, if departure from the Guidelines is appropriate, the trial court must state on the record the factual basis for the statutory mitigating or aggravating circumstances that warrant departure. State v. Smith, 629 So.2d 333 (La.1993).
Here, the record reveals that the sentencing judge adhered to the appropriate procedures. Upon reviewing the presen-tenee investigation report and carefully considering the guidelines, the judge determined that Heredia fell within grid cell classification 5-G, suggesting 15-30 months of incarceration or 80-120 intermediate sanction units. In its determination the court noted that, although it considered Heredia’s status as a first felony offender as a mitigating factor, the case presented aggravating circumstances warranting an upward departure to a seven-year hard labor term. At the time of sentencing, the court clearly set forth the enhancing circumstances and their factual bases, specifically mentioning the large quantity of marijuana, the professional construction of the false floor compartment concealing the contraband, and the interstate transportation of the drugs.
It is clear from the record that the sentencing court had ample grounds for an upward departure from the guidelines grid range. Defendant’s situation plainly presents an “atypical” conspiracy to distribute marijuana case. See, e.g., State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992) in which 271 pounds of marijuana was an aggravating factor in a possession of marijuana with intent to distribute case.
Having found the court properly departed from the guidelines grid range, we evaluate the sentence for excessiveness under the constitution. Whether the term of imprisonment is too severe depends upon the circumstances of the case and the background of the defendant. State v. Coleman, 605 So.2d 231 (La.App. 2d Cir.1992). For further discussion of the parameters applied in that determination, see La. Const. Art. 1, § 20; State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); and State v. Bonanno, 384 So.2d 355 (La.1980). In the present ease, the punishment imposed is adequately supported by the record. Defendant received a sentence of less than half of the statutory maximum provided by LSA-R.S. 40:979. In light of the seriousness of the offense, the penalty does not constitute an unnecessary infliction of pain and suffering.
We note that the sentencing court failed to give Heredia credit for time served. In imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. LSA-C.Cr.P. Art. 880. Failure to do so is error patent. State v. Allen, 571 So.2d 758 (La.App. 2d Cir.1990). The sentence will be amended to reflect credit for the time served. State v. Coleman, supra; State v. Hughes, 587 So.2d 31 (La.App. 2d Cir.1991), writ denied, 590 So.2d 1197 (La.1992).

DECREE

For the foregoing reasons, the defendant’s conviction and sentence are affirmed as amended.
AFFIRMED AS AMENDED.