hPER CURIAM.
The defendant, Kathy Ann Stewart, appeals as excessive her sentence to five years at hard labor, following her guilty plea for possession of cocaine. We affirm.
PACTS
In February 1995, after the defendant made several sales of crack cocaine to an undercover informant, the police executed a search warrant at her Bossier City residence. They found 42 small plastic bags of marijuana, four marijuana cigarettes, a large plastic bag of marijuana and a bottle containing over seven grams of crack cocaine. Laboratory testing confirmed the identity of the substances.
The defendant was arrested and charged with possession of marijuana with intent to distribute and possession of cocaine with intent to distribute. Pursuant to a plea bargain agreement, the marijuana charge was dismissed and the defendant was allowed to . enter a guilty plea to the reduced charge of possession of cocaine. The defendant also agreed to forfeit an unspecified amount of money seized from her residence during the execution of the search warrant.
The district court imposed a five-year hard labor sentence, the maximum for the pled offense, and denied a timely motion for reconsideration. Defendant urges that the court failed to consider mitigating evidence and failed to individualize the sentence. She also argued that the sentence is excessive.
DISCUSSION
A trial court has wide discretion to sentence within statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 La.App.2d Cir. 1/19/94, 631 So.2d 555. In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show |2adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). The trial court is not required to list every aggravating and mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, supra; State v. Gene, 587 So.2d 18, writ denied 604 So.2d 993 (La.1992). The articulation of the factual basis for the sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Remand is unnecessary when a sufficient factual basis for the sentence is shown in the record. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
The second step of the inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the most serious offense originally charged, is a legitimate consider *723 ation in sentencing. State v. Gant, 29,169 La.App.2d Cir. 1/22/97, 687 So.2d 660.
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Woodman, 28,004 La.App.2d Cir. 1/24/96, 666 So.2d 1255.
Although the defendant contends the trial court failed to particularize the sentence to her and to consider, in mitigation, the impact of incarceration on her dependents, the record before us discloses an adequate basis for the sentence. Prior to imposing sentence, the trial court reviewed a presen-tence investigation report (PSI), considered the facts of the charged offenses, and noted the benefit the defendant, age 32, obtained from her plea bargain which reduced her sentencing exposure from thirty years to five years at hard labor. The court determined that, even though the defendant had been allowed to plead guilty to simple possession of cocaine, she had actually engaged in the distribution of both marijuana and cocaine. A first felony offender with a high school education, the defendant had four prior misdemeanor convictions — two for traffic offenses and two for disturbing the peace. The PSI also showed that the defendant had pending charges for possession of marijuana and possession of drug paraphernalia stemming from an arrest in August 1995. The court determined that a lesser sentence would deprecate the seriousness of the offense. The court found no justification or mitigation for the defendant’s acts and noted that she showed no remorse.
On this record, we do not find a manifest abuse of the district court’s broad discretion. Defendant’s plea bargain greatly reduced her sentencing exposure as noted above. The offense to which she pled guilty clearly does not sufficiently ^describe her criminal conduct. The record shows an adequate basis for the sentence imposed. The sentence imposed, which was tailored to both the offender and the offense, does not shock the sense of justice and, therefore, is not constitutionally excessive.
We have reviewed the entire record for error patent and found none.
CONCLUSION
For the above stated reasons, we affirm the conviction and sentence of the defendant, Kathy Ann Stewart.
AFFIRMED.