706 So.2d 1042 (1998)
STATE of Louisiana, Appellee,
v.
Richard TURKS, Appellant.
No. 30333-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1998.
*1043 John Michael Lawrence, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Whitley Graves, Randall Smith, Assistant District Attorneys, for Appellee.
Before MARVIN, C.J., and HIGHTOWER and WILLIAMS, JJ.
MARVIN, Chief Judge.
After having been charged with second degree murder and bargaining to plead guilty to manslaughter and to an unrelated forgery in return for the dismissal of another forgery charge, Richard Turks, a fourth-felony offender, appeals, as excessive, concurrent hard labor sentences of 40 years on the manslaughter conviction and 10 years on the forgery conviction.
We affirm.

DISCUSSION
The homicide victim, Brenda Hardman, and Turks had on occasions lived together and produced two children, who at the time of the homicide were ages 16 and 17, who resided with the victim in Bossier Parish. Turks had been in California and had recently returned to Louisiana before the December 2, 1996 homicide, having purchased a round-trip bus ticket in California, according to this record. The killing occurred at the home of the 5' 4" victim on that night in Benton. The record shows Turks as being over six feet tall and weighing 178 pounds. Age 44, he was three years older than his victim.
On the night of the killing at the victim's home, Turks and the victim drank malt liquor together before getting into an argument. Defendant stabbed Hardman in the chest using a 4" kitchen knife. The victim was not armed. Negating defendant's claim that the victim ran into the knife he was merely holding, the autopsy showed the fatal wound was made with an overhand, striking downward motion and was of sufficient depth3½ to 4"to pass through a lobe of the victim's lung and sever her right coronary artery. Other circumstances in the record support the trial court's conclusion that the homicide was murder, not manslaughter.
In excessive sentence appeals, the record must show consideration of the criteria in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982).
Defendant has not challenged the court's compliance with Art. 894.1.
The sentencing court is also required to consider the circumstances of the crime and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is purposeless and needless. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir. 8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
*1044 During the sentencing colloquy, the trial court reviewed the facts of each crime. Defendant had prior convictions for issuing worthless checks, DWI, simple arson, multiple forgeries at different times, and theft by worthless check. As a fourth-felony offender, he was not entitled to probation or parole. The court deemed defendant's record indicated his propensity to continue criminal conduct. The bill of information originally charged defendant with second degree murder. The court stated the facts presented showed that defendant committed that offense. Finally, the court observed that defendant had not shown any remorse. The maximum manslaughter sentence was warranted in such circumstances.
Defendant's record is also adequate to support the maximum sentence for forgery. Defendant has convictions of forgery in 1983 and 1992, both of which resulted in hard labor sentences. Because the forgery and manslaughter offenses did not arise from a single course of conduct and involved different victims and circumstances, the imposition of consecutive sentences was within the court's sound discretion. La.C.Cr.P. art. 883; State v. McCray, 28,531 (La.App.2d Cir. 8/21/96), 679 So.2d 543.
Defendant has a felony conviction for simple arson. His misdemeanor convictions include DWI and speeding, both of which show a disregard for the lives of others. He showed no remorse for the homicide and persisted in his claim that it was an accident even though the autopsy refuted that claim beyond cavil. One or more witnesses reported to police defendant's statements of intent to kill the victim. The trial court impliedly found the homicide to be one of the most serious violations of the offense to which defendant pled guilty and that defendant is the worst type of offender.
We find no error patent in the record.

DECREE
Defendant's convictions and sentences are
AFFIRMED.