| ] STEWART, Judge.
I dissent from the majority affirmance of the maximum sentence for this “residue” cocaine case. First, the record is devoid of the circumstances surrounding the defendant’s arrest. There is no record of how the defendant entered into the judicial system. Apparently, in the course of arresting the 54-year-old defendant for theft of a light meter paraphernalia was found with traces of cocaine residue. The record begins with the defendant entering a guilty plea on one count of possession of cocaine in exchange for dismissal of the theft of the light meter charge and the court ordering a Pre-sentence Investigation Report (PSI).
Although the trial judge minimally complied with La.Code Crim.P. art. 894.1 a through review of the record indicates that there are several mitigating factors present, involving the defendant’s personal history and unadjudicated misdemeanors, that weighed against the imposition of the maximum sentence and to which the trial judge did not accord sufficient weight. Although Cosby had a number of misdemeanor citations and one 18-year-old felony conviction for aggravated battery, the PSI reflects that Cosby’s criminal history, contrary to the majority opinion, does not include any drug related convictions. The scanty record provided does not show that his was the most serious violation of the offense of conviction; nor does the record show him to be the worst type of drug possession offender such that the maximum sentence is warranted.
In State v. Goodjoint, 26,246 (La.App. 2 Cir. 8/17/94), 641 So.2d 730, the defendant was originally charged with possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967(A)(1). He pled guilty to possession of cocaine, in violation of LSA-R.S. 40:967(C). The trial court found that the defendant had an extensive misdemeanor record. The trial court sentenced him to two years at hard labor, record. The defendant received a sentence below the ^statutory maximum provided by LSA-R.S. 40:967(0(2), despite the seriousness of the offense and the defendant’s conduct.
Similarly, in State v. Wilson, 626 So.2d 824 (La.App. 2 Cir.1993), Wilson possessed several packages of cocaine, $691 in cash, and a loaded 9mm semiautomatic pistol. Likewise, the defendant in State v. Eason, 624 So.2d 934 (La.App. 2 Cir.1993) was a first-time felony offender who received a sentence of three years at hard labor for his possession of cocaine conviction. Furthermore, in State v. Stewart, 29,716 (La.App. 2 Cir. 8/20/97), 698 So.2d 721, a five-year sentence was ordered for a defendant with a history of as-saultive behavior, with five arrests for simple battery, and no visible means of support. A first felony offender with a high school education, the defendant had four prior misdemeanor convictions — two for traffic offenses and two for disturbing the peace. The PSI also showed that the defendant had pending charges for possession of marijuana and possession of drug paraphernalia stemming from an arrest in August 1995. These cases are not controlling, but only offer guidance.
Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender. State v. Grissom, 29,718 (La.App. 2d Cir. 8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991); State v. Turks, 30,333 (La.App. 2 Cir.1/22/98), 706 So.2d 1042;
State v. Guzman, 95-444 (La.App. 5 Cir. 11/15/95), 665 So.2d 512, 516, writ denied, 95-2853 (La.2/28/96), 668 So.2d 366.
The 54-year-old defendant served in the United States Navy and is a veteran of the Vietnam war. Although the defendant’s use of marijuana began during his active duty in Vietnam, he received an honorable discharge from the military. Prior to his arrest the defendant was employed as a carpenter and he had two adult children. Cosby has a twelfth grade education. The majority of the ^defendant's criminal record is stale and relate to offenses that took place in the 1960’s’ and 1970’s. Mr. Cosby may not be the luckiest person in the world having been found in possession of paraphernalia with “residue”determined to be cocaine when he was arrested for the light meter, but he is not the worst type of drug possession offender. Under *282 these circumstances, I conclude that the trial judge abused his discretion in imposing the maximum sentence on the defendant.
After a thorough review of the record presented, this court should conclude that this defendant cannot be considered the “worst type of offender,” and that the sentence imposed shocks our sense of justice. Cosby was not the subject of a drug investigation. He was not originally charged with possession with intent nor was he charged with distribution. Cosby was not in possession of a measurable amount of cocaine, only cocaine residue. He did not have anything close to a large quantity of cocaine. This is not the most serious violation of the possession of cocaine statute. Cosby is not the worst type of offender. If this court acknowledges that possession of $10 of cocaine is serious enough to impose the maximum sentence, then what sentence does this court impose for $1,000 worth of cocaine?
I find the sentence to be excessive and find that the trial court abused its discretion in sentencing the defendant to the statutory maximum sentence of five years at hard labor. This court should find that the maximum sentence we could affirm for this offense and this offender is no more than three years at hard labor. Accordingly, I would recommend that this court vacate the defendant’s sentence and remand the case to the trial court for re-sentencing.