MARVIN, Chief Judge.
Having been granted an out of time appeal after his 1990 conviction of distribution of cocaine, Patrick Hatter complains that his sentence is excessive because he was a 20-year-old first felony offender when he sold only a small amount of cocaine.
On January 2, 1990, Hatter sold crack cocaine at one location on two occasions about 15 minutes apart to different undercover officers for $40 each time. After being arrested February 12 and making bail on February 13, Hatter later bargained to plead guilty to one sale in return for the State dropping a charge on an aggravated battery, which occurred after he made bail, and the charge on the other sale of cocaine.
After making bail Hatter also committed and was convicted of these misdemeanors before he made the plea bargain:
*248 ARREST DATE CHARGE
2-26-90 Resisting Arrest, Cullen
2-26-90 Battery of Police Officer
2-26-90 Resisting Arrest, Springhill
2-27-90 Aggravated Assault 2-28-90 Criminal Damage to Property
Hatter shot at his victim five times in the aggravated assault charge above.
On March 27, 1990, Hatter was arrested for attempted second degree murder. He was formally charged, however, with aggravated battery which was dropped by the State in the plea bargain with Hatter.
Born April 17, 1969, Hatter had been convicted of other misdemeanors in 1989 and in February of 1990 before he was arrested February 12 for selling cocaine. In November 1989 he was convicted of carrying a concealed weapon. On December 4, 1989, after shooting several times into an automobile, Hatter was arrested and was later convicted of criminal damage to property. On December 11, 15, 21 and 25 he was arrested on six occasions for offenses connected with his vehicle and was convicted of four of these offenses.
On February 11,1990, Hatter was arrested and was later convicted of switching license plates on his vehicle and two other related charges, as well as for disturbing the peace by using profanity.
Hatter was not married, but by two women, he had fathered three children whom he did not support. He quit school in grade 11 and thereafter completed an electrician’s course in the Job Corps in Texas. His only work experience was for three or four months as an assembly line worker at a food processing plant in Arkansas. He said he “worked” as a preacher from time to time, but explained he “has backslid.” Hatter is an only child, raised by his grandmother.
The statutory sentencing range for distribution of cocaine is from five to 30 years at hard labor. A youthful first felony offender (age 18) with only a DWI and two speeding convictions who sells small quantities of cocaine is a lower-range offender for sentencing purposes (5-10 years). State v. Tilley, 400 So.2d 1363 (La.1981).
A 15-year sentence for distribution of cocaine in 1990 “presses the outer limit” of sentencing discretion for a 40-year-old first felony offender who had a misdemean- or record dating from 1971 to 1988 but who was married with three children and was steadily employed. State v. Kidd, 568 So.2d 175 (La.App.2d Cir.1990). Kidd, an addict, was arrested for possession of cocaine and codeine after he committed the distribution crime.
When weighing the excessiveness of a sentence (20 years, suspended), a court may consider that the defendant is an addict who made several sales of cocaine for no reason “other than to support his own habit.” State v. Gordon, 444 So.2d 1188 (La.1984). Also compare State v. Smith, 576 So.2d 105 (La.App.2d Cir.1991).
The court questioned Hatter’s denial to the PSI investigator of any use of drugs or alcohol:
Q. ... if you were selling crack cocaine, certainly you were using drugs to some extent, were you not?
A. No sir. I don’t use drugs at all.
Q. But you were willing to sell it to other people?
A. No sir, it wasn’t that_
Q. Well tell me how it was?
A. I just ... was joining the crowd. Made a mistake.
In his statements to the PSI investigator before sentence, Hatter mentioned that he was “serving time” on the misdemeanor convictions, “a year and a half.” The trial court noted the PSI recommendation for a 15-year sentence, but thought that recommendation “a little light,” while allowing credit for'time served on misdemeanor convictions in the Springhill City Court against the 18-year sentence that was imposed on October 19, 1990. Hatter was then 21½ years old.
A copy of the trial court’s detailed sentencing reasons and the edited PSI report are made unpublished addenda to this opinion to show compliance with the guidelines of CCrP Art. 894.1. We recognize, of course, that an excessive sentence review is conducted on the individual record in each case and in the light of the sentencing discretion afforded the trial court who sees *249 and sometimes hears the particular defendant.
The plea bargain dismissing the aggravated battery charge and Hatter’s gross demonstrations of lawlessness on several occasions in late 1989 through March 1990, several of which were violent crimes against the person, outweigh Hatter’s “first-felony” status, the “small” quantity of cocaine sold, and Hatter’s “youthful” calendar age. As in Kidd, supra, Hatter’s sentence presses the upper limit of discretion, but not to the extent of being an abuse of sentencing discretion.
DECREE
The 18-year sentence with credit for time served on the misdemeanor convictions does not shock our sense of justice, is not needless or purposeless and is
AFFIRMED.