607 So.2d 888 (1992)
STATE of Louisiana
v.
Thomas Ray PEROW.
No. 24301-KA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
*889 Graves, Graves & Hanna by Randall R. Robinson, Shreveport, for defendant-appellant.
James M. Bullers, Dist. Atty., J. Spencer Hays, Asst. Dist. Atty., Benton, for plaintiff-appellee.
Before NORRIS, HIGHTOWER and STEWART, JJ.
NORRIS, Judge.
Defendant, Perow, charged with two counts of distribution of cocaine in violation of La.R.S. 40:967 A, bargained for dismissal of one count and pled guilty to the other. On appeal, he claims his 15-year sentence is excessive. We affirm.

FACTS
On May 29, 1990, Perow met two undercover Bossier Parish Sheriff's deputies and sold them a $20 piece of crack cocaine. The charge which was dismissed also involved the sale of a small amount of crack cocaine and occurred on June 14, 1990.
Perow was sentenced on January 14, 1992, which was after the Louisiana Sentencing Guidelines (La.S.G.) became effective on January 1, 1992. La.C.Cr.P. art. 881.1, which requires the making or filing of a motion to reconsider sentence before any alleged error in the sentence can be urged on appeal or review, did not become effective until thirty days after the effective date of the sentencing guidelines. Therefore, we review the assignment that the sentence is excessive.
Although the sentencing guidelines became effective on January 1, 1992, the 1991 amendments to La.C.Cr.P. art. 894.1, part of the implementing legislation for the guidelines, did not become effective until January 31, 1992 and, therefore, were not in effect when sentence was pronounced in this case on January 14, 1992. Accordingly, we analyze the excessiveness claim under the two-pronged approach adopted and *890 approved in the jurisprudence prior to the enactment of the guidelines.
Perow complains that his sentence is almost twice that recommended by the guidelines. He also complains that the trial court erred in considering two matters as aggravating factors when the guidelines expressly list those matters as "mitigating circumstances." Those matters are the court's findings that defendant was (1) selling small quantities of drugs (2) either to support his own habit or to obtain money on which to live. The court also found the offense to be a "major economic offense." Perow challenges this, arguing that a $20 sale does not constitute a major economic offense.

FELONY SENTENCING GUIDELINES
The purpose of the guidelines is to recommend a uniform sanctioning system. La.S.G. § 101A. The guidelines are advisory to the sentencing judge. No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the judge to impose a sentence in conformity with the sentencing guidelines. La.S.G. § 103 J; La.C.Cr.P. art. 894.1 A; La.R.S. 15:328 B.
The recommended sentences on the guidelines grid are based on the "typical case" in which aggravating and mitigating circumstances are not present. La.S.G. § 103 D; § 209 A(1). However, the sentencing court should depart from the designated sentence grid range when sufficient aggravating or mitigating circumstances are present significantly to differentiate the case from the "typical case" arising under the offense of conviction. La.S.G. § 209 A(3). The sentencing court must state for the record the reasons for the departure which shall specify the mitigating or aggravating circumstances and the factual basis therefor. La.S.G. § 209 A(4)(b). If a judge departs from the designated sentence range, the guidelines do not specify the sentence to be imposed, but require that the sentence be proportional to the seriousness of the offense and the offender's criminal history. La.S.G. § 209 A(4)(a).
Here, the sentencing court noted that the guidelines placed defendant in grid cell 2-D which recommends a sentence of incarceration for 84 to 104 months. Such a sentence, as stated above, would be recommended, but not mandatory, in the absence of aggravating or mitigating circumstances.
The court chose to make an upward departure from the guidelines' recommendation. This upward departure from the designated grid cell was justified in light of the defendant's substantial criminal record, an aggravating circumstance under La.S.G. § 209 B(18). The record reveals that the defendant had 24 misdemeanor convictions dating from 1984 to 1991, in addition to a juvenile record. Four convictions involved substance abuse. One conviction was for possession of marijuana and the others were alcohol related. Seven convictions were for resisting arrest, flight from an officer or simple battery of an officer. Other convictions, some of them recurring, included theft, shoplifting, criminal trespass, disturbing the peace and simple property damage. The 1990 possession of marijuana charge resulted in one year of active probation, which was revoked for failure to report and failure to comply with special conditions.
Under the guidelines, misdemeanors are assigned one quarter of a point in determining the criminal history index of the offender. Perow's 24 prior misdemeanor convictions would thus yield six points on the index, greatly in excess of the maximum allowed adjustment of one point in calculating the proper Class (A-G) to place the defendant for purposes of the sentencing grid. La.S.G. § 205 C(3)(b). However, because Perow was on probation when the instant crime was committed, his "custody status" adds one point to his criminal history index score (La.S.G. § 205 C(3)(d)), making it a total of seven points, or two points over the threshold of Class A on the index. This is a specific aggravating circumstance justifying an upward departure in this case. La.S.G. § 209 B(18). The limitations found in La.S.G. § 205 C, while applicable to calculating the score for the purposes of *891 class ranking on the guidelines grid, are disregarded when calculating the defendant's record of convictions for prior criminal conduct under La.S.G. § 209 B(18).
Due to the presence of an aggravating circumstance, the trial court was justified in departing from the guidelines grid in sentencing Perow. We therefore review the sentence for adequacy of reasons for sentence and for constitutional excessiveness as discussed, infra. However, because the guidelines are new and are unfamiliar to many sentencing judges, we also point out the following with respect to the trial court's attempt to follow the guidelines.
The guidelines state that selling small quantities of controlled dangerous substances exclusively to support the offender's drug habit is a mitigating circumstance. La.S.G. § 209 C(14). Conversely, the guidelines state that if the offense involved controlled dangerous substances and the offender obtained substantial income or resources from ongoing drug activities those matters should be considered as an aggravating circumstance. La.S.G. § 209 B(15). The court concluded, based on Perow's lack of employment and drug use, that his only source of income was from selling drugs. The court found from those factors and from the facts of both charged offenses that Perow either was selling drugs to buy more or to make money to live on.
We agree with Perow that the evidence before the trial court was insufficient for him to conclude that Perow obtained substantial income from ongoing drug activities. The sales known to the court involved less than $50. La.S.G. § 209 B(15) is designed to allow an upward departure for offenders involved in large quantities of drugs bringing in substantial income on an ongoing basis, not a small quantity street offender like the defendant. However, there was also no showing to conclude that Perow committed the offense exclusively to support his personal habit, as he argues in mitigation. La.S.G. § 209(C)(14).
We also agree with Perow that the trial judge's conclusion that this offense was a major economic offense is also unsupported in the record. La.S.G. § 209 B(14) is designed to allow upward departure when major economic damage is done to the victim, such as a major arson or theft involving a large economic loss. See State v. Strother, 606 So.2d 891 (La.App. 2d Cir. 1992).
In sum, the record justifies an upward departure due to Perow's very lengthy prior criminal history, pursuant to La.S.G. § 209 B(18). The trial court's reasons for sentencing concentrated on this extensive criminal history, and fully complied with La.C.Cr.P. art. 894.1.

CONSTITUTIONAL EXCESSIVENESS
We also find that the sentence is not constitutionally excessive. The statutory sentencing range for distribution of cocaine is from 5 to 30 years at hard labor. La. R.S. 40:967 B. In cases involving youthful, first-time felony offenders on the bottom end of selling CDS in small quantities, it has been held that the constitutionally permissible range of sentence is between five and ten years. State v. Tilley, 400 So.2d 1363 (La.1981). However, that 18-year-old defendant only had a prior DWI and two speeding convictions, and the opinion was rendered before the drug abuse problem had reached the current levels.
This court recently affirmed an 18-year sentence for a 21-year-old first-felony offender who had an extensive misdemeanor record. State v. Hatter, 602 So.2d 247 (La.App. 2d Cir.1992). Hatter also was a youthful first offender who sold a small quantity of cocaine. He had prior misdemeanor convictions for resisting arrest, battery of a police officer, aggravated assault, criminal damage to property, carrying a concealed weapon, disturbing the peace and a conviction involving shooting holes in a car. He had been arrested for attempted second degree murder, but the charge was reduced to aggravated battery and then dropped in a plea bargain. This court stated that Hatter's extensive misdemeanor record outweighed his "first-felony" *892 status, the "small" amount of cocaine sold, and his "youthful" calendar age.
In State v. Kidd, 568 So.2d 175 (La.App. 2d Cir.1990), a 15-year sentence for distribution of a small amount of cocaine was affirmed for a 40-year-old first-felony offender who was married with three children and was steadily employed. Even though that sentence "pressed the outer limit" of sentencing discretion for that defendant, the sentence was justified because of a lengthy misdemeanor record dating from 1971 to 1988 involving resisting arrest, simple battery, battery of a police officer, possession of marijuana and DWI.
The court noted that this 25-year-old defendant, who had over 14 years of education, was involved in the sale of narcotics for money. Defendant was an admitted frequent user of cocaine, smoking five to seven rocks per day. He had no record of employment. In addition to Perow's extensive criminal record, his sentencing exposure was cut in half by agreeing, in midtrial, to plead guilty in exchange for the state dropping the other charge of distribution of cocaine. A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
As in Hatter, Perow's lengthy criminal record and the benefits of his plea agreement outweigh his youthful first-felony offender status and the fact that only small amounts of cocaine were sold. The 15-year sentence does not shock the sense of justice, nor is it a needless and purposeless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
La.C.Cr.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post conviction relief. The record shows the court did not so inform Perow. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La. C.Cr.P. art. 921; State v. Powell, 598 So.2d 454 (La.App. 2d Cir.), writ denied 605 So.2d 1089 (1992). The district court is directed to send appropriate written notice to Perow within 10 days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings. We find nothing else we consider to be error patent.
The conviction and sentence are affirmed.
AFFIRMED.