STEWART, Judge.
The defendants, Donnie Ray Taylor and Charles Ray Taylor, were indicted by the Bossier Parish Grand Jury for aggravated rape, a violation of LSA-R.S. 14:42. After voluntarily waiving his constitutional rights, *2 each defendant pled guilty to attempted aggravated rape, in violation of LSA-R.S. 14:27 and LSA-R.S. 14:42. Subsequently, the trial court sentenced Donnie Ray to 10 years imprisonment at hard labor, and sentenced Charles Ray to 25 years imprisonment at hard labor. Asserting that the sentences are excessive, both defendants have appealed and designated the following assignment of error:
The sentence imposed by the trial court is excessive and exceeds the Louisiana sentencing guidelines, and there are not sufficient aggravating circumstances enumerated or existing in this case to warrant the sentence imposed.
We amend the defendants’ sentences to reflect credit for time actually served. In all other respects, we affirm each sentence.

FACTS

The defendants, Donnie Ray Taylor and Charles Ray Taylor, are siblings whose ages on June 7,1992 were 18 and 33, respectively. Several months prior to their arrest, the two defendants befriended the victim, a male child whose date of birth is December 8, 1985, and began sexually abusing him.
On Sunday, June 7, 1992, the date of the last known offense, Charles Ray Taylor remained home in Bossier City, Bossier Parish, Louisiana, and invited the victim to spend a night in the defendant’s home. After luring the victim into his house, Charles Ray asked the victim if he “would like to mess around.” When the victim indicated that he wanted to mess around, Charles Ray pulled both of their pants down. Next, while lying on a bed in his bedroom,. Charles Ray proceeded to place the victim on top of him and kissed the victim in his mouth. Thereafter, the defendant put some type of lubricant on his genitals, placed the victim on his side, and had anal sexual intercourse with the victim.
Later that evening, Donnie Ray returned from a church outing at the Merrywoods Baptist Church in Haughton, Louisiana and found Charles Ray lying on a couch with his erect penis inserted between the victim’s legs. Immediately, Donnie Ray began to sexually abuse the victim. On June 7, 1992, the victim was six years old.
Each defendant was arrested and charged with aggravated rape. Pursuant to plea negotiations, each defendant pled guilty to attempted aggravated rape. During the guilty plea colloquy, Donnie Ray admitted that on several different occasions during the period beginning in October of 1991 and ending on June 7, 1992, he performed oral sex upon the victim and allowed the victim to perform oral sex upon him. He also acknowledged that he had attempted to have anal sex with the victim, but was not successful. Charles Ray also acknowledged that he and the victim had anal sexual intercourse and oral sex on several prior occasions.
The trial court sentenced the older brother, Charles Ray Taylor, to 25 years imprisonment at hard labor. The younger brother, Donnie Ray Taylor, was sentenced to 10 years imprisonment at hard labor. The maximum period of incarceration recommended by the guidelines was 180 months (15 years) for Charles Ray Taylor, and 90 months (7½ years) for Donnie Bay Taylor. Each defendant contends that his sentence exceeds that recommended by the Felony Sentencing Guidelines and that there are insufficient aggravating circumstances to justify his respective upward departure from the Guidelines’ designated sentence range. We disagree.

DISCUSSION

The trial court stated that Charles Ray Taylor fell within the 1-D gridcell classification, for which the guidelines recommended 150-180 months of incarceration. The trial court also stated that Donnie Ray Taylor’s classification was in the 1-G gridcell, which recommended a maximum incarceration period of 90 months. After correctly noting each of the defendants’ designated grid cell, the sentencing court deliberately departed from the guidelines by imposing sentences upon each defendant which exceeded the maximum recommended sentence. The court stated, among the reasons for its upward departure, that each defendant pled guilty in accordance with a plea bargain agreement whereby several serious charges were reduced to one count of attempted aggravated rape.
In rape cases, the court should depart from the designated sentence range of the *3 guideline grid when sufficient aggravating or mitigating circumstances are present significantly to differentiate the particular rape case sub judiee from the typical rape case. La.S.G. § 209(A)(3). Subsections 209(B) and 209(C) define and list aggravating and mitigating circumstances, respectively. If the trial court finds one or more aggravating circumstances, then the grid range for the typical rape case is inapplicable and the trial court must exercise its reasoned discretion in determining the appropriate sentence. See State v. Strother, 606 So.2d 891, 894 (La.App. 2d Cir.1992), writ denied, 612 So.2d 65 (La.1993); State v. Norrell, 614 So.2d 756 (La.App. 2d Cir.1993).
The sentencing court may use prior similar criminal offenses as an aggravating factor when they have not already been considered as criminal history or as part of a multiple offender adjudication. La.S.G. § 209(B)(12). In order to use unadjudicated prior criminal offenses, however, the record must show, by a preponderance of the evidence, guilt of the prior offenses. State v. Shields, 614 So.2d 1279 (La.App. 2d Cir.), writ denied, 620 So.2d 874 (La.1993).
When a judge departs from the designated sentence range, the guidelines do not specify the sentence to be imposed; however, they do require that the sentence be proportional to the seriousness of the offense and the offender’s criminal history. La.S.G. § 209(A)(4)(a). In other words, if a departure from the guidelines is justified, the judge is free to pronounce a sentence commensurate to the circumstances of the particular case without consideration of the proportionality of the sentence to the guidelines grid. State v. Brown, 616 So.2d 792 (La.App. 2d Cir.1993); State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992), writs denied, 617 So.2d 905 (La.1993). However, the sentencing court must state for the record the reasons for its departure which shall specify the mitigating and/or aggravating circumstances and the factual basis therefor. La.S.G. § 209(A)(4)(b); State v. Perow, 607 So.2d 888 (La.App. 2d Cir.1992).
The guidelines specify that the existence of “multiple incidents for which separate sentences have not been imposed” is one of the enumerated aggravating circumstances. See La.S.G. § 209(B)(11). Also among the list of aggravating circumstances are the following: (1) the offender used threats with the intent to influence the institution, conduct, or outcome of the criminal proceedings; and (2) the offender was persistently involved in similar offenses not already considered as criminal history or as part of a multiple offender adjudication. See La.S.G. §§ 209(B)(7) and (12).
The instant trial court considered the fact that, pursuant to the respective plea agreements, (1) Charles Ray Taylor’s charges were reduced to one count of attempted aggravated rape from three counts of aggravated rape and seven counts of aggravated oral sexual battery, and (2) Donnie Ray Taylor’s charges were reduced to one count of attempted aggravated rape from one count each of aggravated rape, indecent behavior with a juvenile, and aggravated oral sexual battery.
During the sentencing of Donnie Ray, the trial court noted that the victim was six years old at the time the instant offenses occurred. The trial court also noted that Donnie Ray subjected the victim to additional sexual abuse immediately after Charles Ray raped the victim. During the sentencing of Charles Ray, the trial court observed that Charles Ray had actually threatened that, if the victim told anyone, he would make it harder on the victim the next time he raped the victim.
The court considered the fact that both defendants, although only convicted of attempting to rape the victim on one occasion, had a history of ongoing sexual abuse with the victim. Implicit in the trial court’s determination is the long term emotional damage both defendants have inflicted upon this young boy. Each of the prior instances of the defendants’ sexual abuse of the victim was similar in nature and could have produced a separate charge, conviction, and sentence. The record shows by a preponderance of the evidence, through each defendants’ judicial admissions, guilt of prior similar criminal offenses which have not already been considered as criminal history or as part of a multiple offender adjudication. *4 Moreover, the defendants’ conduct involved multiple incidents for which separate sentences have not been imposed.
We find that the trial court’s articulated reasons are sufficient to differentiate this particular attempted rape case from the typical attempted rape case, and that the sentences imposed are proportional to the seriousness of the offense and each offender’s criminal history. Thus, the trial court did not abuse its sentencing discretion. Accordingly, we find that the defendants’ sentences are not excessive.
This assignment of error lacks merit.

Error Patent

We note that, although the record shows that the defendants have been in custody, it does not reflect that they have been given credit for time actually served. In imposing sentence, the court shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. LSA-C.Cr.P. Art. 880. Failure to do so is error patent. State v. Allen, 571 So.2d 758 (La.App. 2d Cir.1990). Therefore, we amend each of the defendants’ sentences to reflect credit for the time he has served. State v. Coleman, 605 So.2d 231 (La.App. 2d Cir.1992); State v. Hughes, 587 So.2d 31 (La.App. 2d Cir.1991), writ denied, 590 So.2d 1197 (La.1992).

CONCLUSION

The court articulated sufficient reasons to justify each of these two upward departures from the designated sentence range of the guideline grid. However, the record does not reflect that the defendants were given credit for time served. For the foregoing reasons, the defendants’ sentences are amended to reflect credit for time actually served and are affirmed in all other respects.
AMENDED AND, AS AMENDED, AFFIRMED.