JiLINDSAY, Judge.
The defendant, Ricky Leonard, was originally charged with DWI-4th offense, in violation of LSA-R.S. 14:98(E). Pursuant to a plea bargain, he was allowed to plead guilty to DWI-3rd offense. The defendant was sentenced to five years at hard labor with credit for time served. He appeals, claiming excessive sentence. For the reasons assigned below, we affirm.
FACTS
On October 20, 1993, the defendant was involved in a one-ear accident in which he drove his pickup truck off the road and hit a tree. The defendant was taken to a hospital by ambulance for treatment of minor injuries. The investigating officer noticed a strong odor of alcohol on the defendant’s breath and, following his release from the emergency room, transported the defendant to police headquarters where an intoxilyzer test produced a result of 0.178. The defendant admitted consuming beer prior to the accident.
By bill of information, the defendant was charged with DWI-4th offense. However, under the terms of a plea bargain, he was allowed to plead guilty to DWI-3rd offense.
On July 18, 1994, the trial court sentenced the defendant to five years at hard labor with credit for time served. Before imposing sentence, the trial court noted that the defendant fell within sentencing grid cell 7-B, which recommended a sentence within the discretionary sanction zone of between 18 and 24 months. However, the trial court specifically declined to follow the Louisiana Sentencing Guidelines due to the defendant’s extensive history of alcoholism, noting that he had at least seven prior convictions for DWI and numerous other alcohol-related crimes.
|2The defendant filed a motion to reconsider sentence on the grounds that the trial court imposed a sentence in excess of that recommended by the sentencing guidelines. The motion was denied.
On appeal, the defendant contends that the trial court erred by imposing an excessive sentence.
SENTENCING CONSIDERATIONS
Prior to imposing sentence, the trial judge noted that he had reviewed a pre-sentence investigation (PSI) report and a sentencing guidelines report. The defendant’s criminal history and the offense of conviction placed him in grid cell 7-B, which recommended a sentencing range of 18 to 24 months. However, the court decided to make an upward departure from that range due to the defendant’s “vast number of prior DWIs.”
The defendant had been convicted of DWI in August, 1977; October, 1977; June 1985; July, 1984; April, 1987; September, 1988; *648 and June, 1990. The trial court observed that the defendant had received reductions in the degree of his DWI charges on several occasions. In fact, the present offense was the third time a DWI-4th offense charge had been reduced to a lesser degree. The court also noted that the defendant had been placed on probation and/or parole following five of his DWI convictions; however, several of those attempts at clemency were revoked due to subsequent misconduct. (For example, as to his June 1990 conviction for DWI-3rd offense, the defendant was initially given probation, which was revoked. He was later released on parole, but his parole was likewise revoked.)
|3The defendant’s other driving or alcohol-related convictions were for: careless and reckless operation in September, 1976; reckless operation in March, 1977; drunk and carrying a concealed weapon in November, 1977; disturbing the peace in July, 1978; and public intoxication in October, 1979, January, 1980, and July, 1982. He also had convictions for worthless checks, felony theft, property damage, and driving without a license and without an inspection sticker.
The court found the defendant had a history of chronic alcoholism and had been given “opportunity after opportunity,” including counseling, to no avail. The court observed that had the defendant been found guilty of DWI-4th offense (which the record supported), he would have faced a sentencing exposure of no less than 10 years. The fact that the defendant had violated prior parole for DWI made the court believe that “any lesser sentence would create nothing but a mockery of this entire process.”
LAW
The Louisiana Sentencing Guidelines are advisory to the sentencing judge. La.S.G. § 103(J); LSA-C.Cr.P. Art. 894.1; State v. Lowery, 609 So.2d 1125 (La.App.2d Cir.1992), writs denied, 617 So.2d 905 (La. 1993); State v. Perow, 607 So.2d 888 (La. App.2d Cir.1992). A trial judge, having properly considered the guidelines, has the complete discretion to reject the guidelines and impose any sentence which is not constitutionally excessive, provided the trial court states for the record the considerations taken into account and the factual basis for the imposition of sentence. Where the trial judge has considered the guidelines and imposed a sentence, adequately pstating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard to whether the trial judge employed or departed from the guidelines. State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237; State v. Farley, 26377 (La.App.2d Cir. 9/21/94), 643 So.2d 300; State v. Walters, 26647 (La. App.2d Cir. 12/7/94), 648 So.2d 7; State v. Broimi, 616 So.2d 792 (La.App.2d Cir.1993).
The record shows that the trial court duly considered the guidelines but concluded that an upward departure from the recommended grid cell was justified. A review of the defendant’s PSI report reveals that his criminal history score, when all prior convictions (including his numerous misdemeanors) are counted, exceeded the threshold of class A by at least 2 points on the criminal history index. Under La.S.G. § 209(B)(18), this constituted an aggravating circumstance justifying an upward departure from the designated sentencing range. See State v. Perow, supra, wherein this court held that the limitations found in La.S.G. § 205(C), while applicable to calculating the score for the purposes of class ranking on the guidelines grid, are disregarded in calculating the defendant’s record of convictions for prior criminal conduct under La.S.G. § 209(B)(18). Further, due to the reduction of the charge pursuant to the plea bargain, this cannot be considered a typical case of DWI-3rd offense. See La.S.G. § 209(B)(22); C. Joseph, B. Boudreaux, C. Lindsay and M. Menezes, Louisiana Sentencing Guidelines Manual, p. 12, n. 51 (1994 ed.). Under the circumstances of the present 1 scase, we find that the trial court properly exercised its discretion in making an upward departure from the guidelines grid. Therefore, we review for constitutional excessiveness.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defen *649 dant. A sentence violates LSA-Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Madison, 535 So.2d 1024 (La.App.2d Cir. 1988); State v. Thompson, 25583 (La.App.2d Cir. 1/19/94), 631 So.2d 555. As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Richardson, supra.
Here, the trial court adequately articulated the considerations taken into account, and the factual basis for, the sentence imposed. As noted above, this offense actually was the defendant’s eighth DWI conviction. This clearly indicates that he is the worst type of offender for whom a maximum sentence is appropriate.
|6The maximum imprisonment sentence for the offense of conviction is five years at hard labor. We note that the court could have imposed a fine of not more than $2,000 but chose not to do so. Under the facts and circumstances of this case, we find the sentence is not constitutionally excessive.[1]
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Although the trial court did not direct that any portion of the sentence be served without benefit of probation, parole or suspension of sentence, as required by LSA-R.S. 14:98(D), the length of time this defendant will actually be required to serve is not affected. See LSA-R.S. 15:574.4(A). Further, neither the state nor the defendant has objected to this portion of the sentence.