| WILLIAMS, J.
The defendant, Terry D. Frye, was charged by bill of information with seventeen (17) counts of extortion, violations of LSA-R.S. 14:66. After a jury trial, the defendant was found guilty as charged. He was sentenced to serve a total of 35 years at hard labor. The defendant failed to timely file a motion to reconsider sentence. On appeal, we affirmed the defendant’s convictions in an unpublished opinion. State v. Frye, 28,132 (La.App.2d Cir.5/10/96), 673 So.2d 367, writ denied, 96-1421 (La.11/15/96), 682 So.2d 759. Defendant was granted an out-of-time appeal of his sentence following his submission of an application for post-conviction relief, which alleged his trial defense counsel had been ineffective for failing to preserve his right to appeal his sentence by failing to file a motion for reconsideration of sentence. The trial court allowed the defendant to file a motion for reconsideration, which was denied. This appeal followed. We affirm the defendant’s sentence.

FACTS

The trial testimony showed that the victim, Edgar Allen (Jack) Poe, molested several male juveniles during his life, including defendant Frye. The defendant later blackmailed Poe with threats of exposure in the media and threats of death. The defendant took $185,700 from Poe within an eight-month period, from December 1993 through July 1994. Poe committed suicide in July 1994.
After Poe’s death, an investigation into his finances revealed the checks he had written to the defendant. Poe left an audio cassette tape explaining detailed financial matters of the company, Cypress Grove | ¡¡Plantation, of which he was a partner. Poe also left a letter in which he pledged the proceeds of an annuity to the business as reimbursement for the money he had taken. Poe explained in the letter that he had transferred funds from the business accounts of Cypress Grove farming operation into his personal accounts for the purpose of helping some people who needed financial help and he had gotten “over his head.” Poe did not mention the defendant’s name in either the audio cassette or the letter.
Several witnesses, some who also had been molested by Poe as children and also had received large sums of money from him, testified that the defendant made statements with regard to getting money from Poe, the defendant was “blackmailing” Poe and there were arguments between Poe and the defendant.

DISCUSSION

By this out-of-time appeal, the defendant contends the sentence is excessive and unwarranted. The defendant also argues that the court did not adequately *154 consider mitigating circumstances, failed to articulate adequate reasons for the sentence, erred in imposing consecutive sentences and failed to consider a significantly less harsh sentence, such as one including probation.
The test imposed by the reviewing court in determining the exeessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately ¡¡.considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). In the instant case, the record shows an adequate factual basis for the sentence imposed. Equally, the record shows the trial court adequately considered the guidelines of Article 894.1 and the Sentencing Guidelines which were in effect at the time of sentencing.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorbhey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or |4all be served consecutively. LSA-C.Cr.P. art. 883. It is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. Robinson, 33,921 (La.App.2d Cir.11/1/00), 770 So.2d 868; State v. Coleman, 32,906 (La.App.2d Cir.4/5/00), 756 So.2d 1218, 1247-48; State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988).
Concurrent sentences arising out of a single course of conduct are not mandatory, State v. Pickett, 628 So.2d 1333 (La.App. 2d Cir.1993); State v. Nelson, 467 So.2d 1159 (La.App. 2d Cir.1985), and consecutive sentences under those circumstances are not necessarily excessive. State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Williams, 445 So.2d 1171 (La.1984); State v. Mills, 505 So.2d 933 (La.App. 2d Cir.), writ denied, 508 So.2d 65 (La.1987).
A trial court is not required to render a suspended sentence or probation on a first or qualifying second felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Bradford, supra; State v. Woodman, 28,-004 (La.App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696; State v. Tully, 430 So.2d 124 *155 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (La.1983).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754|RSo.2d 392, 394, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
Prior to imposing sentence, the trial court considered the evidence adduced at trial, the statements contained in the presentence investigation report (PSI), the defendant’s criminal history, the provisions of LSA-C.Cr.P. art. 883 concerning consecutive and concurrent sentences and the Louisiana Sentencing Guidelines which were then in effect.[1]
The sentencing guidelines used by the trial court indicated that the crime of extortion fell within sentencing guidelines grid cell 4-G, and provided for a minimum time of incarceration of 18 months or a maximum of 36 months, with probation periods ranging from a minimum of 90 months to a maximum of 135 months. The guidelines further indicated that if consecutive sentences are to be imposed, the recommended minimum term of incarceration was 162 months, with a maximum term of 180 months.
The trial court determined that probation was not warranted in this case because defendant showed no remorse for his actions or toward the death of his victim. Based on the witnesses’ trial testimony, the court concluded that defendant made life absolutely miserable for his victim during the months in question by threatening him, which subsequently led |fito him taking his own life. Defendant’s demands for cash became persistent and larger amounts of monies were turned over to the defendant from month-to-month. Between December 1993 to February 1994, defendant demanded and received $35,700.00. Defendant received $50,000.00 during the months of March and April, 1994, and $100,000.00 during May, June and July, 1994.
Further, defendant’s prior criminal record revealed that on July 26, 1994, he was arrested for possession of marijuana with the intent to distribute, which was plea bargained down to the crime of simple possession. Also, the testimony, fear, and potential safety of the victim’s family had an impact on the trial court’s decision.
In sum, the aggravating factors upon which the trial court relied in imposing sentence are as follows: (1) The unusually large amount of money extorted; (2) Defendant used threats of physical harm and public exposure of the molestation; (3) The prior drug and other criminal activity of the defendant; (4) The extortion led to the suicide death of the victim; (5) There was a lack of repentance or remorse; and, (6) The crimes caused a “huge” financial loss to the estate of the victim and his heirs.
On this record, we do not find constitutional error. Defendant saw an opportunity to take advantage of his victim. He executed his scheme of extortion over an *156 extended period of time, which the trial court appropriately analyzed as three distinct sets of events for purposes of consecutive sentencing. Defendant had a plan to extort, acted upon his plan and in fact extorted in excess of $100,000.00 from the victim. Defendant |7could have received the maximum sentence allowed for each of the seventeen (17) counts. Based on the facts of this case, the defendant is clearly among the class of offenders for whom maximum sentences are appropriate. Thus, the court neither erred in imposing maximum sentences on a number of the counts of conviction nor in ordering the individual sentences to be served both concurrently and consecutively. The aggregate sentence imposed is lawful. It is neither grossly disproportionate to the severity of the offense nor does it shock our sense of justice. We do not find an abuse of the trial court’s discretion in sentencing this defendant. Therefore, the sentence is not constitutionally excessive.
CONCLUSION
For the above reasons, the defendant’s sentence is affirmed.
AFFIRMED.
MOORE, J., dissents with written reasons.

. The Louisiana Sentencing Guidelines were advisory to the sentencing judge. Under the jurisprudence, "no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the judge to impose a sentence in conformity with the sentencing guidelines.” LSA-S.G. § 103(J); LSA-C.Cr.P. art. 894.1; State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992); State v. Perow, 607 So.2d 888 (La.App. 2d Cir.1992). Furthermore, a trial court could choose not to follow the guidelines, even in the absence of aggravating or mitigating circumstances. State v. Smith, 93-0402 (La.7/5/94), 639 So.2d 237; State v. Tuttle, 26,307 (La.App.2d Cir.9/21/94), 643 So.2d 304.